RG 3070458 / LS2

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY** § <br> 5920 Landerbrook Drive § <br> Mayfield Heights, OH 44124, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **LOIS WILLIAMS** § <br> 20403 Encino Ledge § <br> San Antonio, TX 78259 § <br> § <br> and § <br> § <br> **UNITED STATES POSTAL SERVICE** § <br> c/o Megan J. Brennan, Postmaster General § <br> 475 L'Enfant Plaza SW § <br> Washington, DC 20260, § <br> § <br> Defendants. § <br> § | Case number 5:20CV28 |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an auto collision case for damages to a vehicle insured by **Progressive County Mutual Insurance Company** (hereinafter, "Plaintiff") against **Lois Williams** (hereinafter, "Defendant Williams") and the **United States Postal Service** (hereinafter, "Defendant USPS").

### PARTIES

1. Plaintiff Progressive County Mutual Insurance Company is an Ohio corporation with its principal place of business in Mayfield Village, Ohio.

2. Defendant Lois Williams is a Texas resident, who can be served at 20403 Encino Ledge, San Antonio, Texas 78259.

3. Defendant United States Postal Service is an agency of the United States federal government. Defendant has appointed Megan J. Brennan, Postmaster General, at 475 L'Enfant Plaza SW, Washington, DC 20260, as its registered agent for service of process.

## JURISDICTION AND VENUE

4. This Civil Action arises under the Federal Tort Claims Act 28 U.S.C. §1346, since it arises from the conduct of Defendant Williams, an employee of Defendant USPS, who was acting in the course and scope of her employment. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5. This Court has personal jurisdiction over Defendant Williams because Defendant Williams resides in San Antonio, Bexar County, Texas.

6. This Court has personal jurisdiction over Defendant USPS because it hired Defendant Williams to conduct business on its behalf in Texas and, specifically, in the Western District of Texas.

7. Defendants have established minimum contacts with the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice by deriving substantial revenue from the sale and use of products and services, including the services at issue in this matter, within this District; expecting or being in a position to reasonably expect its actions to have consequences within this District; and regularly doing business, soliciting business, engaging in other persistent acts of conduct, and deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

8. Venue is proper in this District, under 28 U.S.C. §1391, because the automobile accident from which this Civil Action arises occurred in Bexar County, Texas and the damaged vehicle that is the subject of this action is/was primarily situated in Bexar County, Texas.

## COUNT ONE

9. On or about December 6, 2018, at the 19900 block of Encino Ledge and the 1800 block of Encino Rio, in San Antonio, Texas, the vehicle owned, leased, rented, and/or maintained by Plaintiff's insured, Rafael A. Alvarez ("Alvarez"), was damaged when Defendant Williams negligently ran a stop sign or otherwise failed to yield the right of way to Alvarez, striking Alvarez's vehicle, while Defendant Williams was under the supervision, control, and/or direction of Defendant USPS, which proximately caused the collision and the damages complained of herein.

10. The damages to Alvarez's vehicle caused a loss of use and fair market value of **$5,402.28** or alternatively cost the same sum to repair.

11. At the time of loss, Alvarez and his vehicle were covered under an insurance policy issued by Plaintiff.

12. Immediately after the incident complained of herein, and after receiving proof of loss, Plaintiff compensated Alvarez for the loss, thereby becoming subrogated to rights and claims in this action.

## COUNT TWO

13. Plaintiff restates the foregoing allegations, incorporates the same by reference herein, and further states:

14. Plaintiff would show that Defendant USPS owed a duty to others present on public roadways, including Alvarez, to exercise ordinary care in the hiring of competent employees to operate USPS vehicles on public roadways, and in the supervision and management of its employees.

15. Plaintiff would further show that Defendant USPS failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise its personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff and Alvarez's damages, and failing to provide adequate oversight for such employees.

16. These conditions created an environment in which negligent operation of USPS vehicles was reasonably foreseeable to occur, and which in fact did occur in the collision involving Alvarez described hereinabove, which proximately caused the damages sustained by Plaintiff and Alvarez herein, and for which Plaintiff hereby sues.

## COUNT THREE

17. Plaintiff restates the foregoing allegations, incorporates the same by reference herein, and further states:

18. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by Defendant Williams occurred within the scope of the actual or apparent authority of Defendant Williams on behalf of Defendant USPS.

19. Defendant USPS is therefore liable to Plaintiff for the acts and/or omissions of Defendant Williams complained of herein by virtue of such agency relationship.

## COUNT FOUR

20. Plaintiff restates the foregoing allegations, incorporates the same by reference herein, and further states:

21. At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of Defendant Williams, occurred within the scope of the general authority and for the accomplishment of the objectives for which Defendant Williams was employed.

22. Defendant USPS is therefore liable to Plaintiff for the acts and/or omissions of Defendant Williams complained of herein under the doctrine of respondent superior.

## COUNT FIVE

23. Plaintiff restates the foregoing allegations, incorporates the same by reference herein, and further states:

24. On or about March 13, 2019, Plaintiff presented a Standard Form 95 claim for damages to Defendant USPS pursuant to Federal Tort Claims Act 28 U.S.C. §2675.

25. Defendant USPS sent its written denial of the claim to Plaintiff's undersigned counsel on October 10, 2019.

26. Plaintiff, pursuant to its subrogation rights, seeks the sum of **$5,402.28** from Defendants.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, in the amount of **$5,402.28** with prejudgment and post judgment interest, costs of suit, and such other relief to which Plaintiff is entitled.

Respectfully submitted,
**Rathbone Group, LLC**

**/s/ Jessica Lobes**

Jessica R. Lobes / SBN 24083405
5930 Royal Lane, Ste E #515
Dallas, TX 75230-3896
800-870-5521
216-298-4495 [fax]
JLobes@Rathbonegroup.com
*Attorney for Plaintiff*